IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| TOMMY WALTER DARLING, #01381693 | § | |
| | | |
| VS. | § | CIVIL ACTION NOS. 4:10cv599<br>***Consolidated with*** 4:10cv600<br>4:10cv601 and<br>4:10cv602 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Tommy Walter Darling, represented by counsel, filed a motion for new trial[1] or to alter judgment (docket entry #20). This court denied Petitioner's § 2254 writ of habeas corpus petition and dismissed his case with prejudice on December 23, 2013.

### Postjudgment Motion for Relief

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc) (citing 9 Moore's Federal Practice ¶ 204.12[1] at 4-67 (1985)). "Rule 59(e) serves the narrow purpose

---

[1] Petitioner titles his motion, "Petitioner's Motion for New Trial And/Or to Alter Judgment." However, he is asking for, essentially, reconsideration of the denial of his habeas petition. This court has not held a trial; thus, a motion for new trial is inapplicable.

1

of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted). The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

If a motion for relief from judgment is filed within twenty-eight (28) days of final judgment, the motion should be filed as a motion under Rule 59 rather than Rule 60. Fed. R. Civ. P. 59(e); *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.* 910 F.2d 167, 173 (5th Cir. 1990)). If the motion is served after that time, it falls under Rule 60(b). Fed. R. Civ. P. 60(b). The instant motion was filed within twenty-eight days of the final judgment; thus, it is properly filed under Rule 59.

## Discussion

To succeed on a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). A Rule 59(e) motion should not be used to rehash evidence, legal theories, or arguments that could have been raised or were raised before entry of judgment. *Templet,* 367 F.3d at 479; *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). A motion for reconsideration is not intended to be a regular avenue of relief. A district court's opinion is not intended to be "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Crouch v. J.C.*

*Penney Corp.*, 564 F. Supp.2d 636, 640 (E.D.Tex 2008) (citation omitted). Reconsideration of a judgment is extraordinary, and is a remedy to be used "sparingly." *Templet*, 367 F.3d at 473.

In the instant case, Petitioner does not assert newly discovered evidence or a change in the pertinent law. Instead, he repeats the history of the case and complains that the Court of Criminal Appeals "postcarded" his state habeas corpus application. Petitioner reasserts that the case against him was weak and that the testimony of sexual assaults from the two sister victims was faulty. It is well-settled, however, that it is the jury's province to make credibility determinations. *United States v. Green*, 180 F.3d 216, 220 (5th Cir. 1999). It is also well-settled that sexual assault complainants are allowed to testify as to the assaults against them. As noted in the Report and Recommendation, such testimony from the victims, standing alone, is sufficient for conviction, even without any corroborating evidence or outcry. Tex. Code Crim. Proc. Ann. art. 38.07; *Carmell v. Texas*, 529 U.S. 513, 517, 120 S. Ct. 1620, 1625, 146 L. Ed.2d 577 (2000). Witnesses are also allowed to testify concerning their feelings, thoughts, or impressions. *Fischer v. State*, 207 S.W.3d 846, 857 (Tex. App.–Houston [14th Dist.] 2006) (citing *Cody v. Harris*, 409 F.3d 853, 860 (7th Cir. 2005). Petitioner reasserts that prejudicial hearsay testimony was allowed into evidence. While much of the evidence of which Petitioner complains is not hearsay or is an exception to hearsay, Petitioner has simply failed to meet his burden of proof. These issues have already been discussed and decided. Petitioner offers no new evidence – he is simply rehashing evidence, legal theories, or arguments. *Templet,* 367 F.3d at 479.

Petitioner likewise reasserts that he met the *Strickland* standard for ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 864 (1984). He

failed, however, to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Id.*, 466 U.S. at 694, 104 S. Ct. at 2068. He also failed to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*, 466 U.S. at 689, 104 S. Ct. at 2065. Petitioner claims that he is entitled to relief because the court misapplied *Richter*. *See Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 784, 178 L. Ed.2d 624 (2011). However, it is Petitioner's burden to show that there was no reasonable basis for the state court to deny relief. *Id.*, 526 U.S. —, 131 S. Ct. at 784. It is not this court's duty to speculate. The State persuasively opined bases for the state court to deny relief, which were reasonable. Petitioner has not overcome the "doubly" deferential standard required by *Richter*. *Id.*, 526 U.S. —, 131 S. Ct. at 788. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Petitioner has failed to meet his burden – he has not shown that there was no reasonable basis for the state court to deny relief. *Id.*, 526 U.S. —, 131 S. Ct. at 784.

Petitioner has primarily engaged in the rehashing of evidence, legal theories, or arguments. *Templet,* 367 F.3d at 479. In the absence of any new arguments or evidence that could not have been raised in Petitioner's first proceeding, the court denies Petitioner's motion for reconsideration as he has failed to show a manifest error of law or fact in order to obtain relief under Rule 59. *Ross*, 426 F.3d at 763. It is accordingly

**ORDERED** that Petitioner's motion pursuant to Rule 59(e) (docket entry #20) is

**DENIED**. Any motions not previously ruled upon are **DENIED**.

So **ORDERED** and **SIGNED** this **26** day of **September, 2014.**

_____
Ron Clark, United States District Judge